Houck, J.
The error complained of is the action of the common pleas court in reversing the judgment of the probate court refusing ¡to probate the last will and testament of J. Etta Hupp, deceased, and in ordering ¡same admitted to probate.
The facts, as disclosed by the record, are as follows :
J. Etta Hupp executed her last will and testament on the 23d day of February, 1915. The will was *389 drawn by Judge John M. Swartz and retained in his possession for safekeeping.
On the 8th day of November,, 1919, the said J. Etta Hupp went to a hospital, in the city of Newark, for an operation, and before being operated upon, she executed the following paper writing and handed it to Dr. Homer J. Davis with instructions to deliver the same to Judge John M. Swartz:

“November 8,1919.

“Mr. John Swartz dispose of my will as I have not made the change I want made.
“J. Etta Hupp, “Homer J. Davis,
“L. Baxter,
' “Laura Batch, “Minnie Conn."
Dr. Davis kept the paper writing in his possession until Mrs. Hupp recovered from the operation and then returned it to her, the same being retained by her and being in her possession at the date of her death, which was on the fourth day of February, 1920.
After the paper writing had been returned to Mrs. Hupp she called at the law office of Judge Swartz and said to him, “I want to change my will.” He replied: “I do not have time today. Get your mind together and come back again.”
Judge Swartz further testified: “She did not mention this paper writing to me and I knew nothing about it until I found it among her papers after her death. She said not a, word to me about destroying her will at. any time. ’ ’
Question: Under these facts and the law applicable to same did the paper writing revoke the last will and testament of J. Etta Hupp, deceased?
*390 Section 10555, General Code, provides:
“A will shall be revoked by the testator tearing, cancelling, obliterating, or destroying it with the intention of revoking it, by the testator himself, or by some person in his presence, or by his direction, or by some other will or codicil, in writing, executed as prescribed by this title, or by some other writing, signed, attested, and subscribed, in the manner provided by this title for the making of a will, but nothing herein contained shall prevent the revocation implied by law, from subsequent changes in the condition or circumstances of the testator.”
Counsel for plaintiffs in error urge that the paper writing here in question is clearly within that portion of said-statute which reads “or by some other writing, signed, attested, and subscribed, in the manner provided by this title for the making of a-will.” We are clearly of the opinion that ait the time of the execution of the paper writing it was the intention of J. Etta Hupp to revoke her will.
We further find that the paper writing, as- such, was sufficient in law to have revoked the will if it had been delivered to John M. Swartz before the death of J. Etta Hupp and had not been returned to her by Dr. Homer J. Davis.
Intention alone isi not sufficient in law to revoke a will, but such intention must be carried into effect, and by such executed act or acts as to clearly estaba lish the concurrence of both intent and act. In other words, the paper writing instructed and directed John M. Swartz to destroy the will, and if it had been delivered to him it would have been his duty to have carried out the instructions of the deceased, but this was not done. The paper writing *391 was returned to Mrs. Hupp in her lifetime and she retained it until her death.
Upon the return of said paper writing to J. Etta Hupp she knew, and in law was bound to know, that her will had not been destroyed.
When she went to the office of Judge Swartz she knew her will was still in existence, because she stated to him that she desired to make some changes in it.
Further, at thiisi time, she knew that she had executed her will, that Judge Swartz was. its custodian, that she had written the paper writing and delivered it to Dr. Homer J. Davis to be delivered to Judge Swartz, and that it had been returned to her; and being in possession of all these facts, and having an opportunity to obtain the will and destroy it, she failed to do so, but, upon the other hand, said to Judge Swartz that she called to make some changes.
Under these facts we find that J. Etta Hupp still considered this will her last will and testament, and that she died testate.
Finding no error in the record, the judgment of the common pleas court is affirmed.

Judgment affirmed.

Shields and Patterson, JJ., concur.